FILED-CLERK
U.S. DISTRICT COURT

05 JUN 16 PM 1: 36

TEXAS-EASTERN

BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHEAL JAMES HAMMONDS | § | |
| VS. | § | CIVIL ACTION NO. 4:04-CV-426 |
| DIRECTOR, TDCJ-ID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Don D. Bush who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed with prejudice due to the statute of limitations. Petitioner received a copy of the Report and Recommendations. On May 13, 2005, the Court received acknowledgment of its receipt by Petitioner. Thus, the latest date for filing objections was May 27, 2005. On May 5, 2005, Petitioner filed a Motion For Extension to file a Response to the Respondent's motion to dismiss. On June 6, 2005, Petitioner filed his Response. Petitioner has yet to file objections.

In his Response to the motion to dismiss, Petitioner alleges that his Petition should be treated as timely due to equitable tolling. The Petitioner is seeking to extend the deadline based on principles of equitable tolling. The Fifth Circuit has held that the one year limitations period is a statute of limitations, not a bar to federal jurisdiction and thus the limitations period can be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999). The Fifth Circuit discussed the basic principles of equitable tolling in *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999)

> we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of

the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

*Id.* at 513-514. The Fifth Circuit went on to find that there was no error in the district court's decision not to apply the doctrine of equitable tolling regarding delays associated with the Texas Court of Criminal Appeals' notification system through mailed postcards. *Id.* at 514. Inadequacies in a prison law library likewise do not provide a basis for equitable tolling. *Fielder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). A prisoner is not entitled to equitable tolling for a gap between the date he submitted a state petition for post-conviction relief to prison officials for mailing and the date the petition was stamped filed. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). The fact that a prisoner did not receive notice of the statute of limitations until after AEDPA's effective date did not warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Ineffective assistance of counsel and juror misconduct does not warrant equitable tolling. *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000). Equitable tolling is not warranted based on a claim of innocence. "The one-year limitations period established by 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000). Therefore, [Petitioner's] claims of innocence do not preclude the dismissal of his petition as untimely." *Cousin v. Lensing*, 310 F.3d 843, 849 (C.A.5 (La.),2002.)

In the present case, the Petitioner has not shown "rare and exceptional circumstances" warranting the application of equitable principles. The Petitioner has not shown that the petition

should not be dismissed as time-barred, thus the case should be dismissed.

The Court, having made a *de novo* review of the Petitioner's pleadings, is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections, if any, of the Petitioner are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. All motions by either party not previously ruled on are hereby **DENIED**.

It is finally

**ORDERED** that the order referring the case to Magistrate Judge Bush is **VACATED**.

SIGNED this 15th day of June, 2005.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE